From J. M. Urey, Clearfield, Pa.

---

## Anderson v. Fredell.

*Sheriff's sale—Distribution of proceeds—Oral notice of sale—Divestiture of liens—Conditional bid.*

1. Where real estate subject to a mortgage, as a first lien and to three judgments, is put up at sheriff's sale on execution under the second judgment and the sheriff announces in the presence of the defendant, the mortgagee, the purchaser and the other parties in interest and at the request of the first mortgage creditor, that the sale will divest all liens and encumbrances, including the mortgage, the defendant, if he does not object, cannot subsequently claim that the mortgage was not divested.

2. In such case, if the amount due on the first judgment has not been ascertained and a bid is made which is subsequently found to be sufficient to cover all the encumbrances and an amount in excess thereof, such excess is payable to the defendant in the execution, inasmuch as a conditional bid cannot be made at a sheriff's sale. The purchaser cannot claim that he shall be refunded such excess.

Exceptions to report of auditor and distribution of funds realized from sheriff's sale of real estate. C. P. McKean Co., Dec. T., 1922, No. 95.

*L. H. Simons,* for plaintiff; *Mullen & Woods,* for defendant.

*Thomas H. Morrison,* for A. W. Huff, purchaser.

*Gallup & Potter,* for first mortgage creditor.

BOUTON, P. J., June 25, 1926.—On Dec. 27, 1923, the following liens were of record against the defendant, Carl E. Fredell: (a) Mortgage by Carl Fredell

Anderson v. Fredell.

to Sam Phillips dated Feb. 21, 1921, to secure the sum of $1000, together with interest; (*b*) judgment Thomas J. Butler *v.* Carl Fredell in the amount of $175; (*c*) judgment August Anderson *v.* Carl E. Fredell in the amount of $349.80; (*d*) judgment August Holmberg *v.* Carl Fredell in the amount of $112.35.

On Oct. 22, 1923, a writ of *fi. fa.* was issued in the above entitled case and the sheriff, after due and legal notice, sold the real estate of the defendant in the Township of Hamlin, County of McKean and State of Pennsylvania, which sale took place on Dec. 7, 1923, at the office of the sheriff in the court-house at Smethport, Pa., at which time and place the following persons were present: Sheriff J. F. Robinson; the defendant, Carl E. Fredell; the first mortgage creditor, Sam Phillips; the purchaser at the said sale, A. W. Huff, and Thomas H. Morrison, as attorney representing the plaintiff, and, also, the first mortgage creditor, Sam Phillips; the judgment creditor, estate of Thomas J. Butler; judgment creditor, August Holmberg, and the purchaser, A. W. Huff.

The sheriff, J. F. Robinson, in announcing the sale, stated that such sale would divest all liens and encumbrances, including the first mortgage, such announcement having been made in the presence of the defendant, Carl E. Fredell, as well as the other said parties present at the said sale. The defendant, Carl E. Fredell, being present at the sale, made no objection. The sheriff, J. F. Robinson, sold the said premises to divest all liens and encumbrances to A. W. Huff, of Mt. Jewett, Pa., for the sum of $1827.90, that being the highest price bid for the same.

At the time of the said sale the amount due on the said Butler judgment was uncertain and the bid was made high enough to include the principal sum of the Butler judgment with the understanding that any sum over the actual amount due on the said Butler judgment was to be paid back to the purchaser, A. W. Huff, by the sheriff; that it was later ascertained the amount due on the Butler judgment was the sum of $50, and, therefore, the bid made by the purchaser was $125 more than enough to cover the actual liens.

We agree with the learned auditor in his conclusion that the lien of the first mortgage was divested by the sale and that the defendant has no standing in court to question it. He was present when the announcement was made and made no objections; had he objected, no doubt the bid would have been the amount of the mortgage less than was actually bid for the property, and he is not harmed by the sale having been made as it was, freed of the lien of the said mortgage.

As to the item of $125 being that amount more than was actually due on the Butler judgment, we think the learned auditor erred; we know of no law whereby a conditional bid can be made at a sheriff's sale. It appears that the bid of A. W. Huff of $1827.90 was the amount he was willing to pay for the property. The theory of a sheriff's sale is that the property shall be sold to the highest bidder, and the highest bid is the bid of what the purchaser is willing to pay for the property. If the property is sold at sheriff's sale for more than the amount of the liens, unquestionably the defendant is entitled to the surplus, and A. W. Huff having bid the amount of $1827.90, is bound by that bid, no matter if most of the liens had been previously paid. We are clearly of the opinion that the defendant, Carl E. Fredell, is entitled to this sum of $125.

And now, to wit, June 25, 1926, the first exception to the auditor's report is sustained, the second exception is overruled, and it is ordered that the said sum of $125 be turned over to the defendant, Carl E. Fredell.

From E. G. Potter, Smethport, Pa.